UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**JARMEL DONTRA CHISEM,**

               **Petitioner,**

      v.                                          Case No. 20-CV-674

**DYLON RADTKE,**

               **Respondent.**

## RECOMMENDATION THAT THE PETITION FOR A WRIT OF HABEAS CORPUS BE DISMISSED

Jarmel Dontra Chisem was found guilty of first-degree reckless homicide and first-degree recklessly endangering safety following a jury trial. (ECF No. 1 at 2.) In May 2015 the court sentenced him to a total term of imprisonment of 47 years. (ECF No. 1 at 2.) He appealed, and the Wisconsin Court of Appeals affirmed his conviction on March 5, 2019. (ECF No. 1 at 5.) The Wisconsin Supreme Court denied his petition for review on July 10, 2019. (ECF No. 1 at 6.)

On April 30, 2020, this court received and docketed Chisem's petition for a writ of habeas corpus; the petition was dated April 29, 2020. (ECF No. 1.) In the petition he raises five claims: (1) his trial should have been severed from that of his co-defendant (ECF No.

1 at 6-7); (2) his right to confrontation was violated by the admission of his co-defendant's statements (ECF No. 1 at 7-8); (3) Chisem's appellate counsel was ineffective for not arguing that his trial counsel was ineffective for failing to compel Chisem's alibi witness to testify (ECF No. 1 at 8); (4) the trial court improperly permitted a witness to testify (ECF No. 1 at 9); and (5) appellate counsel was ineffective for failing to challenge the sufficiency of the evidence, which was evidenced by the allegedly inconsistent jury verdicts (ECF No. 1-1 at 1).

Chisem acknowledges that he has not exhausted his state court remedies with respect to claims three and five. In the section of the petition where he is instructed to state the relief he requests, Chisem states: "Chisem hereby request that this court grant a stay and abeyance and allow Chisem to exhaust his un-exhausted grounds in the state courts. (Ground #3) and (Ground #5)." (ECF No. 1 at 12.)

Accepting as true Chisem's assertion that the Wisconsin Supreme Court denied his petition for review of his direct appeal on July 10, 2019, Chisem has until October 8, 2020, in which to file a federal petition for a writ of habeas corpus (one year under 28 U.S.C. § 2244(d)(1)(A) plus the 90 days during which he could have sought review by the United States Supreme Court). *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012) (citing *Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002)); Sup. Ct. R. 13.

Thus, if this action were dismissed, it appears that Chisem has plenty of time in which to properly file an "application for State post-conviction or other collateral review

with respect to the pertinent judgment or claim" in state court, which will stop the one-year statute of limitations from running. 28 U.S.C. § 2244(d)(2). Should Chisem wish to pursue a federal habeas petition after exhausting his remedies in state court, he would have any remaining time under the one-year statute of limitations (up to nearly five months if he immediately files his motion in state court) in which to file a renewed petition after the Wisconsin Supreme Court issues its decision.

Under these circumstances, the court finds that this is not one of the "limited circumstances" where stay and abeyance is appropriate. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). Moreover, Chisem has failed to demonstrate that "there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.*

Therefore, the court will recommend that Chisem's petition be dismissed without prejudice as a mixed petition. *See* 28 U.S.C. § 2254(b)(1)(a); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Because the one-year statute of limitations clock is still running while this case is pending, Chisem must promptly properly file in state court an "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" for which he has not yet exhausted his state court remedies. That will stop the running of the one-year statute of limitations clock. The statute of limitations will begin running again when the Wisconsin Supreme Court issues its decision or the time for seeking review of any court decision passes without Chisem seeking such review. Consequently, if Chisem fails to obtain relief in the state courts,

Chisem must promptly file a renewed habeas petition in federal court after exhausting his state remedies. Failure to do so may cause Chisem to lose his opportunity to ever have a federal court consider any of his claims.

Alternatively, if Chisem wishes to proceed with his petition now, he may file an amended petition within 14 days that includes only the claims for which he has exhausted his remedies in state court. If Chisem were to choose this route, it would mean that he likely forever is giving up his chance to have a federal court consider his unexhausted claims.

**IT IS THEREFORE RECOMMENDED** that Chisem's petition for a writ of habeas corpus be **dismissed without prejudice**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 13th day of May, 2020.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge