# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JARMEL DONTRA CHISEM,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>DYLON RADTKE,<br><br>　　　　　　　　　Respondent. | Case No. 20-CV-674-JPS<br><br>**ORDER** |

　　　　Jarmel Dontra Chisem ("Chisem") was found guilty of first-degree reckless homicide and first-degree recklessly endangering safety following a jury trial. (Docket #1 at 2). In May 2015, he was sentenced to a total term of imprisonment of 47 years. (*Id.*) Chisem appealed, and the Wisconsin Court of Appeals affirmed his conviction on March 5, 2019. (*Id.* at 5). The Wisconsin Supreme Court denied his petition for review on July 10, 2019. (*Id.* at 6).

　　　　On April 30, 2020, Chisem filed a petition for a writ of habeas corpus; the petition was dated April 29, 2020. (*Id.*) In the petition, he raises five claims: (1) his trial should have been severed from that of his codefendant, (*id.* at 6–7); (2) his right to confrontation was violated by the admission of his codefendant's statements, (*id.* at 7–8); (3) Chisem's appellate counsel was ineffective for not arguing that his trial counsel was ineffective for failing to compel Chisem's alibi witness to testify, (*id.* at 8); (4) the trial court improperly permitted a witness to testify, (*id.* at 9); and (5) appellate counsel was ineffective for failing to challenge the sufficiency of the evidence, which was evidenced by the allegedly inconsistent jury verdicts, (Docket #1-1 at 1).

Chisem acknowledges that he has not exhausted his state court remedies with respect to claims three and five. In the section of the petition where Chisem was instructed to state the relief he requests, he states: "Chisem hereby request[s] that this court grant a stay and abeyance and allow Chisem to exhaust his un-exhausted grounds in the state courts. (Ground #3) and (Ground #5)." (Docket #1 at 12).

This action was originally assigned to Magistrate Judge William E. Duffin. On May 13, 2020, Judge Duffin screened the petition and issued a recommendation to this Court that the case be dismissed without prejudice as a mixed petition. (Docket #4 at 3–4). Additionally, Judge Duffin recommended that Chisem's request for a stay and abeyance be denied because Chisem still had "plenty of time in which to properly file an 'application for State post-conviction or other collateral review with respect to the pertinent judgment or claim' in state court, which will stop the one-year statute of limitations from running." (*Id.* at 2–3). Further, Judge Duffin found that "Chisem ha[d] failed demonstrate that there was good cause for the petitioner's failure to exhaust his claims first in state court." (*Id.* at 3).

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Federal Rule of Civil Procedure 72(b)(2), Chisem was afforded an opportunity to object to Judge Duffin's recommendation. Chisem submitted such an objection on May 27, 2020. (Docket #5). Chisem makes several arguments in his objection, but none warrant a full departure from Judge Duffin's carefully reasoned recommendation. Specifically, Chisem argues that the Court should grant a stay and abeyance because: (1) filing an application for state post-conviction or other collateral review will not stop the statute of limitations from running for "collateral/second or subsequent appeals;" (2) Chisem's appellate counsel did not inform him of the Wisconsin Supreme

Court's July 15, 2019 decision denying his petition for review until September 19, 2019, "depriving him of critical time;" and (3) the COVID-19 pandemic has made his access to the prison library severely limited and inconsistent. (*Id.* at 2). Additionally, Chisem filed a motion for a stay and abeyance on August 26, 2020, presenting the same arguments as in his objection to the recommendation. (Docket #6).

"[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). And, "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* An "unexhausted claim is meritless [when] it is untimely." *Foster v. Korte*, No. 12-CV-1172-DRH-CJP, 2014 WL 5347648, at *3 (S.D. Ill. Oct. 21, 2014); *see also Williams v. Superintendent*, No. 3:10-CV-381, 2011 WL 1102865, at *2 (N.D. Ind. Mar. 23, 2011) ("the stay and abeyance procedure set forth in *Rhines* is limited to timely petitions").

Chisem wishes to use the approximately two month delay by his appellate counsel in informing him of the Wisconsin Supreme Court's decision and the COVID-19 pandemic as good cause for his failure to exhaust his third and fifth grounds in state court. (Docket #5 at 2). But Chisem does not provide sufficient reason for why he did not seek to exhaust his grounds during the approximately six months that he had from when he was informed that his judgment was finalized in September 2019 until the pandemic majorly hit the United States in March 2020.[1] Thus,

---

[1] Derrick Bryson Taylor, *A Timeline of the Coronavirus Pandemic*, N.Y. Times (Jan. 10, 2021), https://www.nytimes.com/article/coronavirus-timeline.html.

Chisem has not shown good cause for his failure to exhaust. *See Rhines*, 544 U.S. at 270 (noting that stay and abeyance "should be available only in limited circumstances").

In light of the foregoing, the Court will overrule Chisem's objection to Judge Duffin's recommendation and adopt that recommendation in part. Instead of dismissing this case without prejudice at this juncture, the Court will give Chisem a choice. This choice, however, will depend on the grounds upon which he prefers to seek relief. Either Chisem can (1) dismiss this petition in its entirety and pursue exhausting his unexhausted grounds in state court, or (2) elect to proceed on only the exhausted grounds. If Chisem selects option 1, he should notify the Court of that decision by letter. The Court hereby warns Chisem that pursuing this option may result in him missing his deadline to later pursue federal habeas relief. If Chisem selects option 2, the Court will be able to consider only his exhausted grounds, and Chisem should: (a) file an amended petition which does not include the unexhausted grounds; and (b) file a separate letter advising the Court that he wishes to proceed only on his exhausted grounds. The Court hereby warns Chisem that, if he proceeds only on the exhausted grounds, he may not be able to proceed on his other grounds in a second or successive petition. *See* 28 U.S.C. § 2244(b)(2).

Whichever course of action Chisem elects, the Court will require him to file his amended petition and/or letter as described herein within **thirty (30) days** of the entry of this Order.

Accordingly,

**IT IS ORDERED** that Magistrate Judge William E. Duffin's May 13, 2020 Report and Recommendation (Docket #4) be and the same is hereby **ADOPTED in part** as to whether Petitioner has exhausted his state court

remedies and the denial of a stay and abeyance, but this Court will allow Petitioner to amend his petition to include only Grounds One, Two, and Four;

**IT IS FURTHER ORDERED** that Petitioner's May 27, 2020 objection to the recommendation (Docket #5) be and the same is hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that Petitioner's motion for stay and abeyance (Docket #6) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the entry of this Order, Petitioner shall: (1) file a letter seeking dismissal of this action in its entirety to permit him to seek exhaustion of his unexhausted grounds in state court; or (2) file a letter indicating that he wishes to proceed only on his exhausted grounds and file an amended petition that does not include the unexhausted grounds.

Dated at Milwaukee, Wisconsin, this 22nd day of March, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 5 of 5
Case 2:20-cv-00674-JPS   Filed 03/22/21   Page 5 of 5   Document 8