# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JARMEL DONTRA CHISEM,

            Petitioner,

v.

DYLON RADTKE,

            Respondent.

Case No. 20-CV-674-JPS

**ORDER**

On May 13, 2020, Magistrate Judge William E. Duffin issued a Report and Recommendation ("R&R") in which he recommended dismissing Jarmel Dontra Chisem's ("Chisem") habeas petition because two of his five grounds for habeas relief were not exhausted. (Docket #4); 28 U.S.C. § 2254(b)(1)(a). Specifically, Chisem had not exhausted his claims that (1) appellate counsel was ineffective for failing to challenge trial counsel's failure to compel an alibi witness to testify; and (2) appellate counsel was ineffective for failing to challenge the sufficiency of the evidence. (Docket #1-1 at 1, 12). Chisem acknowledged that these claims were not exhausted in his federal habeas petition and sought a stay so that he could finish the exhaustion process. (*Id.* at 12).

In recommending dismissal, Magistrate Judge Duffin explained that Chisem's one-year deadline in which to file a habeas petition would not expire until October 8, 2020. Magistrate Judge Duffin recommended dismissing the petition entirely because if Chisem wished to exhaust his remaining claims, he had "plenty of time in which to properly file 'an application for State post-conviction or other collateral review with respect to the pertinent judgment or claim' in state court." (Docket #4 at 2–3)

(quoting 28 U.S.C. § 2244(d)(2)). Magistrate Judge Duffin explained that once Chisem filed his post-conviction motion, the one-year statute of limitations on federal habeas claims would be tolled. *Id.*

Chisem timely objected to the R&R and sought a stay, but the Court overruled the objections, finding there was no good cause for Chisem's failure to exhaust and declining to issue a stay and abeyance. (Docket #8). However, in lieu of outright dismissing the case, the Court gave Chisem a choice between (1) dismissing the petition entirely so he could pursue his unexhausted claims in state court or (2) proceeding only on the exhausted claims. (*Id.* at 4).

Chisem filed a motion to reconsider, explaining that, in the time between Magistrate Duffin's R&R and the Court's order adopting the R&R, he had filed a postconviction motion pursuant to Wis. Stat. § 974.06, thus taking a step toward exhausting his unexhausted claims. (Docket #9, #10). He explained that he mailed his post-conviction motion to the Milwaukee County Circuit Court on October 6, 2020—two days before the federal habeas statute of limitations expired—but "[f]or some reason unknown, the Milwaukee County Circuit Court did not actually file the motion itself until the 16th of October." (*Id.*) This distinction is material because while "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation," 28 U.S.C. § 2244(d)(2), the one-year limitations period is not tolled "during the pendency of a federal habeas petition." *Duncan v. Walker*, 533 U.S. 167, 181 (2001). Accordingly, the statute of limitations, which was scheduled to run out on October 8, 2020, would be tolled only by a properly filed post-conviction motion in state court.

Chisem's post-conviction motion is dated October 6, 2020, two days before the federal habeas limitations period expired, but it was not docketed by the state court until October 15, 2020. The Court confirmed that the Milwaukee County Circuit Court received Chisem's motion on October 14, 2020. Even if the Court were to allow three days for mailing, the state court should have received the submission by October 9, 2020, or even October 13, 2020, allowing for the weekend and the federal holiday. It appears that Chisem narrowly failed to toll the one-year statute of limitations. Nonetheless, Chisem has indicated that he would like to proceed with his exhausted claims—in addition to his motion for reconsideration, he filed a letter with the Court stating that he "will be proceeding only on [the] exhausted grounds." (Docket #10).

Accordingly, the Court will deny Chisem's motion for reconsideration. In its earlier order, the Court found no good cause for Chisem's failure to exhaust his unexhausted habeas grounds in the state court. (Docket #8 at 3); *Rhines v. Weber*, 544 U.S. 269, 277 (2005) ("[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."). Chisem's motion for reconsideration asks the Court to honor his recently filed section 974.06 motions as timely and grant a stay and abeyance until the case is fully exhausted, but he still does not provide any basis for his failure to exhaust earlier. Moreover, Chisem could have tolled the statute of limitations at any time after May 13, 2020, given Magistrate Judge Duffin's R&R, but he did not. The Court acknowledges the delay between the Magistrate Judge's R&R and the Court's adoption, but it is not clear, from the record, why Chisem waited until it was too late to file his post-conviction motion. Given the lack of good cause to permit the stay and

abeyance, as well as the lapse of the statute of limitations, the Court will deny the motion to reconsider.

Chisem will therefore be permitted to move forward on three of his habeas claims: (1) that his trial should have been severed from that of his codefendant; (2) that his confrontation right was violated by the admission of his codefendant's statements; and (3) that the trial court improperly permitted a witness to testify. These are the grounds raised in Chisem's amended habeas petition. (Docket #11 at 6–9).[1]

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

    a. Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. §

---

[1] The amended complaint also includes, as a ground for habeas, that Chisem is "entitled to a new trial because severance is mandatory where the state will use the statement of a codefendant which implicates another defendant in the crime charged." (Docket #12 at 8). The Court does not see how this ground is meaningfully different from the first ground, i.e., that his trial should have been severed from that of his codefendant.

Page 4 of 6
Case 2:20-cv-00674-JPS   Filed 01/12/22   Page 4 of 6   Document 13

2248, unless he disputes allegations made by Respondent in her answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

  b. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

  c. Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

  a. Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

  b. Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block;

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this Order have been sent

via a Notice of Electronic Filing ("NEF") to State of Wisconsin Respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent, and the last known address of Respondent. The Department of Justice will provide the pleadings to a Respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 12th day of January, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S.